### MARY C. KING ET AL. V. HENRY W. KING ET AL.

1. WHEN DECREE FOR ALIMONY IN LIEU OF IS NOT A BAR TO DOWER.

A decree for alimony in money to a wife divorced for the husband's aggressions, **to be in** lieu of dower, which is decreed to be released, such discharge of dower not appearing to be with the wife's consent, is no bar to dower.

2. DOWER RIGHTS OF FIRST AND SECOND WIFE.

H died seized of 25 acres and the remainder in 29 acres assigned to his mother as dower. His first wife, A, who had been divorced for his aggression, and his second wife, M, both claim dower. *Held:* A can have dower in the 25 acres, but not in the 29 acres. M can have dower in the 25 acres, subject to A's dower right, and, if she survives the mother, can have dower also in the 29 acres, but not now.

3. AMOUNT ASCERTAINED BY CHANCES OF SURVIVORSHIP.

M's dower should be so assigned as not to include any part assigned to A, and its amount should be ascertained by recourse to tables showing the value of the chance of survivorship between them.

APPEAL from the Court of Common Pleas of Sandusky county.

Some years prior to 1887, certain fifty-four acres of land in Sandusky county, Ohio, descended to Henry W. King from his father, who died intestate, subject to the dower right therein of Mary C. King, widow of said intestate. The south twenty-nine acres of the tract was assigned to said widow as her dower. In 1877, said Henry W. King married Anna W., who, in 1881, secured a divorce from him in Ohio on account of his aggressions, and at the same time obtained a decree for alimony against him in a certain sum, payable in installments at certain fixed dates, which alimony, by the terms of the decree, was made a lien on the said lands, said alimony being afterwards paid. In the said decree the following provisions appear: "It is further decreed that all right of said Anna W. King in the real or personal property of said Henry W. King, by way of dower or otherwise, be, and the same hereby is released, and the alimony herein decreed is in lieu thereof." It does not appear that this part of the decree was entered by agreement of parties, or at the request or with the consent of said

Anna W., otherwise than that it was a part of the decree in her favor generally in the case. Thereafter said Henry W. married Mary C. King, the plaintiff, and Anna W. married Thrailkill, whose wife she yet is. Said Henry W. King died intestate in 1891, leaving six chlidren, and they and said Anna W., Mary, and Mary C. King are parties to this action, which is to procure the assignment of the dower, and the partition of the land. The ages of said Anna W., and Mary C. are proven in the case.

By THE COURT. *Held:*

1. That Anna W. is entitled to dower in the north twenty-five acres, but not in said twenty-nine acres. See Revised Statutes, 5699; Scribner on Dower, 811, *et seq.* (1st ed.); *Lamkin* v. *Knapp*, 20 O. S., 454; *McGil!* v. *Deming*, 44 O. S., 645; *Foote* v. *Worthington*, 4 Ohio Dec. R., 500 (s. c. 4 Bull., 645).

2. That said Mary C. is entitled to dower in said twenty-five acres subject to said dower right of Anna W., and, in case she survives said Mary King, will be entitled to have her dower assigned also in said twenty-nine acres, but, under the last clause of sec. 4188, Rev. Stat., cannot have it assigned now.

8. That the assignment of the dower of said Mary C. should be so made as not to include any part assigned to said Anna W., and that in order to ascertain how much land should be allotted to Mary C. in respect to that part of said land so to be assigned to Anna W., said commissioners should make valuations of the land, and have recourse to tables showing the value of the chances of survivorship between two lives, similar to those appended to 2 Scribner on Dower, 468.

4. The partition of the entire fifty-four acres after the assignment of said dower, will now be made subject to said dower, the assignments of said **Mary, Mary C.,** and Anna W.